UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60069-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NICHOLAS BEARDSLEE,

    Defendant.
_____/

**MOTION TO SUPPRESS STATEMENTS AND
INCORPORATED MEMORANDUM OF LAW**

The defendant, Mr. Nicholas Beardslee, through the undersigned counsel, in accordance with the procedure mandated by F.R.Crim.P. 12(3)(C), and pursuant to the Fifth Amendment to the United States Constitution requests the issuance of an order suppressing all post custodial statements alleged to have been made by Mr. Beardslee. The grounds for this motion, both factual and legal, follow.

**GENERAL ALLEGATION**

All post custodial statements alleged to have been made by Mr. Beardslee were the result of the government violating Mr. Beardslee's Fifth Amendment rights.

## MIRANDA AND THE FIFTH AMENDMENT VIOLATION

In *Miranda v. Arizona,* 384 U.S. 436 (1966), the United States Supreme Court established the proper procedures the government should follow in order to obtain a Constitutionally acceptable post custodial statement. The Court noted that there are, "inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he does not otherwise do so freely." *Id.* at 467. The Court pronounced a procedure which the government should use in the custodial interrogation context. This procedure has been engrafted into our Constitutional doctrine as the "*Miranda Rights.*" These *Miranda Rights* are properly applied as follows. The police must inform the accused: (1) that he has a right to remain silent; (2) that if he gives up that right, anything he says may be used against him in a court of law; (3) that he has the right to have an attorney present during any questioning; (4) that if he cannot afford an attorney, an attorney will be provided to him by the court prior to any questioning. *Id.* at 444. *Miranda* further mandates that if the accused "indicates *in any manner* that he does not wish to be interrogated *then the police may not question him.*" *Id.* at 445 [emphasis added]. Moreover, if the accused "indicates *in any manner* and *at any stage* of the process that *he wishes to consult with an attorney* before speaking, *there can be no questioning.*"*Id.* at 444-445 [emphasis added]. "If the individual states that he wants an attorney, the interrogation must cease *until an attorney is present.* " *Id.* at 473-474 [emphasis added]. In addition, *Miranda Rights* are not voluntarily waived,

if they are waived as a result of *any direct or implied promises, however slight.* *United States v. Mercer,* 541 F.3d 1070, 1075 (11th Cir.2008)[emphasis added]. An individual was in "custody" for *Miranda Rights* purposes if, a reasonable person would have believed that *he was not at liberty to terminate the interrogation and leave. Thompson v. Keohane,* 516 U.S. 99, 112 (1995)[emphasis added]. "Interrogation," for purposes of *Miranda,* is defined as "expressed questioning" or *any activity by the police which is,* "*reasonably likely to elicit an incriminating response.*" *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980) [emphasis added]. It is the government's burden to establish by a preponderance of the evidence that the waiver was voluntarily, knowingly and intelligently made. *United States v. Bernal-Benitez,* 594 F.3d 1303, 1318 (11th Cir. 2010).

Mr. Beardslee was arrested in his residence on March 14, 2016. [DE#1]. He was instructed to sit on a couch in his residence. When he sat down on his couch, he told the law enforcement officers that he wanted an attorney present before any questioning. The officers did not question him at that time. However, once he was secured in a law enforcement vehicle, as he was being transported by law enforcement officers, one of the officers told Mr. Beardslee: (1) *it would be in his interest to talk* to the law enforcement officers *without waiting for an attorney*; and (2) if he talked to the law enforcement officers, *they would help him get out of custody on a bond*. Once at the station, Mr. Beardslee was read his *Miranda Rights*. Mr. Beardslee, *relying upon the officer's advice and promise*, waived his *Miranda*

3

*Rights* and submitted himself to interrogation by the officers, who obtained incriminating statements from Mr. Beardslee.

In *Hart v. Attorney General of the State of Florida*, 323 F.3d 884 (11th Cir.2003), the defendant, who was arrested for a murder, was told that "*honesty wouldn't hurt him*." *Id.* at 889 [emphasis added]. The defendant then waived his *Miranda Rights* and made an incriminating statement. "*The Eleventh Circuit held that the statement had to be suppressed* because it was not a voluntary statement under *Miranda*." *United States v. Ramirez,* 991 F.Supp.2d 1258 (S.D.Fla. 2014)[emphasis added][an opinion of then District Court Judge Rosenbaum discussing the *Hart* case in support of her suppression of a like obtained post arrest statement]. "Upon considering the totality of the circumstances, the Eleventh Circuit concluded that the defendant's waiver was 'the product of deception and was not made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* at 1269 (citing to *Hart* at 893). "Although the court recognized that the defendant's signed waiver form is usually strong proof that a suspect voluntarily waived his rights, it nonetheless explained that a signed waiver form is not conclusive on the issue." *Id.* at 1268 (again citing to *Hart* at 893). As in *Hart*, the statement by Mr. Beardslee was taken in violation of the afore stated Constitutional safe guards. His statements should be suppressed. The incriminating statements were obtained in violation of Mr. Beardslee's Fifth

Amendment rights to remain silent and to have an attorney present during interrogation.

## DUE PROCESS AND THE FIFTH AMENDMENT VIOLATION

In order for a statement to be admissible against an accused, the statement must be voluntarily made. *Arizona v. Fulminate*, 499 U.S. 279, 288 (1991). A statement is involuntary if it is the result of the accused's will being, "overborne in such a way as to render his confession a product of coercion." *Spano v. New York*, 360 U.S. 315, 320-321 (1959). Furthermore, a statement is not voluntarily made, for Due Process considerations, if it is obtained as a result of *any direct or implied promises, however slight.* Bell v. Alabama, 367 F.2d 243, 247 (5th Cir.1966)(quoting Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 1493, 12 L.Ed.2d 653 (1964)[emphasis added]. The court will apply a "totality of the circumstances" approach to determine if a statement was voluntary or involuntary. *Crane v. Kentucky*, 476 U.S. 683, 691 1986).

The facts as stated in this motion clearly show that the statement at issue was not voluntarily made; it was made as a result of the officers; (1) ignoring and demeaning Mr. Beardslee's right to the assistance of an attorney during the interrogation; and (2) promising that if Mr. Beardslee waived his Miranda Rights, he would be released upon a bond.

WHEREFORE, Mr. Beardslee, through undersigned counsel, moves this Honorable Court for the entry of an order suppressing any and all post custodial statements allegedly made by Mr. Beardslee to any and all law enforcement officers. Mr. Beardslee requests an evidentiary hearing for the purpose of arriving at a proper resolution of this motion.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By:   *s/ Michael Spivack*
Michael Spivack
Assistant Federal Public Defender
Florida Bar No. 0508969
One East Broward Boulevard, Suite 1100
Fort Lauderdale, FL   33556
Tel. (954) 356-7436
E-Mail: michael_spivack@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on <u>April 1, 2016</u>, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   *s/ Michael Spivack*
      Michael Spivack